Pearson, J.
 

 There' was no error in refusing the instruction. The counsel for the prisoner fell into an error in supposing, that circumstantial evidence was
 
 secondary,
 
 evidence. In the
 
 State
 
 v.
 
 Martin,
 
 2 Ire. 120, it is held, “to- be in the discretion of the prosecuting officer, what witnesses he will examine.” “If other witnesses can shed more light on the controversy, it is competent for the prisoner to call them.” We think, it was entirely proper for the Court to allow the Attorney General to make the interruption, and it was proper for that officer, seeing the prisoner’s counsel had fallen into, an error, to
 
 *345
 
 set bim right, and give him an opportunity to. call the witness, if competent.
 

 Another ground, upon which a new trial was asked'»was, that the prisoner, heing'
 
 black,
 
 was
 
 •prima facie
 
 a slave, and, if a slave, the Court had committed error, in not admonishing the mulatto witnesses, as required by law. This point was not made until after the trial — -it was then too late. If the prisoner- wished to be tried as. a slave, the question should have been started “in time.” There was evidence to rebut the presumption., and he was treated as a free negro during the whole trial. It would be trifling with the administration of justice, to allow a prisoner to pass himself off as a free negro, and take his chances for a verdictand then turn around and insist that he was a slave. Again, the Act of Assembly was intended for the benefit of the party, against whom mulattoes are called as witnesses, on the trial, of slaves consequently, the benefit may be waived, and the proper-course is, to object to the competency of witnesses, before they give testimony, if they had not been admonished.
 

 Rut again, it does not appear from the record, that the mulatto witness were no,t admonished. The record need not show
 
 affirmatively
 
 all the incidents of the trial. The trial is presumed to have been conducted regularly and according to law, unless the party excepts, and has the act of omission or commission, complained of, spread upon the record-
 

 Another ground was taken in this Court, that, if the prisoner was a slave, notice should have heen issued to his owner. The same reply is applicable to this object tion ; and further, it not appearing who the owner was, the Act provides, that the. Court may appoint counsel and proceed with the trial, as, if the owner had beep notified.
 

 There is no error in the record, and we presume this js one of the cases, where an unfortunate prisoner, avail
 
 *346
 
 ing himself of the Act of Assembly allowing appeals, without security for costs,
 
 appeals without hope.
 

 Peu Cuuiam. Ordered to be certified that there is no error in the record.